FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 22 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ANN BURTON,

                Plaintiff,

-against-                    **MEMORANDUM AND ORDER**

ERIC K. SHINSEKI, Secretary of the Department    11-CV-2030 (SLT)(LB)
of Veterans Affairs Agency; *et al.*,

                Defendants.
----------------------------------------------------------------x
**TOWNES, United States District Judge:**

      This is the sixth *pro se* action filed in this Court since late December 2010 by plaintiff Ann Burton, a nurse formerly employed by, among others, the Department of Veterans Affairs ("DVA"). The first of these actions – *Burton v. Shinseki*, 10-CV-5318 – was brought against Eric K. Shinseki, the Secretary of Veterans Affairs; a "Nurse Manager" named Francisca Go; and ten other individuals, and principally alleged that these defendants "discriminated against plaintiff on the basis of plaintiff[']s race, color and national origin." The next four actions also alleged employment discrimination, but were brought either against plaintiff's former union or other former employers and are not relevant to this Memorandum and Order.

      On January 24, 2011, this Court issued a *sua sponte* order directing plaintiff to amend her complaint in the first of her actions: *Burton v. Shinseki*, No. 10-CV-5318. Plaintiff timely complied with this directive by filing a 38-page amended complaint (the "Am. Complt. in 10-CV-5318"), which named Shinseki and 26 other current or former DVA employees as defendants. Although the amended complaint principally alleged employment discrimination, it also alleged that defendants violated plaintiff's First and Fourth Amendment rights and that "[d]efendant's [*sic*] retaliated against Plaintiff . . . for her prior EEOC activity, whistle-blowing,

and notices to elected officials, via illegal home invasions, theft of personal and case documents and items, mail and telephone interceptions, and termination for not complying with the DVA's directive to dismiss her EEOC Complaints and resign in exchange for a 'clean reference.'" Am. Complt. in 10-CV-5318 at 5. In addition, the amended complaint alleged that certain defendants breached an Employee Incentive Scholarship Program ("EISP") contract by failing to hire plaintiff as a Registered Nurse until May 11, 2009. *See* Am. Complt. in 10-CV-5318 at 8, 10.

On March 8, 2011, plaintiff filed a letter in No. 10-CV-5318 alleging that she was "subjected to more hostile and threatening home invasions and violations of [her] Constitutional Rights" after filing her amended complaint. Letter to Hon. Sandra L. Townes from Ann Burton dated Mar. 8, 2011. Plaintiff requested permission to file an addendum, including "a detailed list" and photographs documenting the reprisals, and sought an Order of Protection. *Id.* Extensive lists and several photographs were attached to the letter.

On March 23, 2011, plaintiff filed a "Motion to Submit an Addendum" to the amended complaint in 10-CV-5318, along with an application requesting that the Court appoint counsel to represent her in that case. The motion principally alleged that unspecified defendants had stolen plaintiff's copy of her "initial complaint" and "carried out additional theft and damage" to plaintiff's property, and attached over twenty pages of exhibits. Mot. to Submit an Addendum at 1. Plaintiff characterized the defendants' actions as "terroristic, severe, and pervasive," and requested that the defendants be prosecuted "to the fullest extent of the law." *Id.* at 3.

By order dated April 1, 2011, Magistrate Judge Bloom denied both plaintiff's request for *pro bono* counsel and plaintiff's applications to submit "addendums." With respect to the latter applications, Magistrate Judge Bloom noted that plaintiff was still entitled to amend her complaint as a matter of right, and gave her until April 15, 2011, in which to file a second

amended complaint. The magistrate judge advised plaintiff that her second amended complaint would completely replace her amended complaint, and that plaintiff would not be permitted to amend her complaint again thereafter.

To date, plaintiff has not sought to further amend her pleadings in No. 10-CV-5318. Rather, on April 22, 2011 – approximately three weeks after Magistrate Judge Bloom issued her order – plaintiff commenced this action. This complaint in this action not only names the exact same defendants named in No. 10-CV-5318, but repeats or amplifies many of the same allegations contained either in the amended complaint in that case or in the proposed addendums. The complaint alleges defendants have engaged in "more violent home invasions, theft and vandalism" following the commencement of her first action, as well as "more intimidating, life threatening home invasions, theft and vandalism" after the filing of the second and third actions. Complaint at 7.[1] According to plaintiff, these acts constitute "terroristic attacks," and evidence a "conspiracy to hinder the exercise of plaintiff's Constitutional Rights." *Id.* at 6-7. The complaint also alleges that "the DVA and its agents breached plaintiff's Employee Incentive Scholarship Program (EISP) contract" by not hiring her for several positions, implies that defendants are attempting to collection a $14,534 debt that plaintiff never incurred, and claims that plaintiff has failed and refused "to relinquish FOIA, Privacy Act, Human Resources, $20,000 retirement and repayment and delinquent debt . . . records." *Id.* at 8-9. The complaint seeks much of the same relief requested in No. 10-CV-5318, including an order of protection, appointment of counsel, "sanctions against all DVA parties to the fullest extent of the law," and "replacement copies" of certain documents filed in No. 10-CV-5318. *Id.* at 9-10. In addition, many, if not all, of the

---

[1]Although exhibits are interspersed throughout plaintiff's complaint in this action, the complaint contains ten handwritten pages with numbers on the bottom. In citing to specific page numbers, this Court is referring to these handwritten pages.

3

exhibits attached to plaintiff's applications to submit "addendums" to the amended complaint in 10-CV-5318 are incorporated into the complaint in this action.

## *DISCUSSION*

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). The power to dismiss a duplicative lawsuit not only fosters judicial economy and the "comprehensive disposition of litigation," *id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)), but protects parties from "the vexation of concurrent litigation over the same subject matter." *Id.* (quoting *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991)). Although a court faced with a duplicative suit has other options – such as staying the second suit or consolidating the two actions – "dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* at 138-39.

This Court has carefully reviewed the complaint in this action, and notes that this action appears to be almost entirely duplicative of the amended complaint in *Burton v. Shinseki*, No. 10-CV-5318, and the proposed "addendums" to that pleading. Accordingly, plaintiff is ordered to show cause in a written submission filed on or before July 15, 2011, why this action should not be dismissed as duplicative. In her submission, plaintiff should specifically identify what, if any, claims in this action were not already raised in the amended complaint in No. 10-CV-5318, the proposed "addendums" thereto, or one of the other actions plaintiff has filed with the Court.

In the alternative, plaintiff may wish to request leave to file a second amended complaint in No. 10-CV-5318 by filing a letter-motion and a proposed second amended complaint in that case. In deciding whether to respond to this order to show cause or to seek leave to amend the

4

amended complaint in 10-CV-5318, plaintiff may wish to consider the possibility that both of her actions against Shinseki and the other DVA defendants may be delayed while the Marshals Service effects service of the complaint in this action.

## CONCLUSION

For the reasons set forth above, plaintiff shall show cause in an affirmation filed with this Court on or before July 15, 2011, why this action should not be dismissed as duplicative of *Burton v. Shinseki*, No. 10-CV-5318. Plaintiff may elect, in the alternative, to request leave to file a second amended complaint in No. 10-CV-5318 by filing a letter-motion and a proposed second amended complaint in that case. However, plaintiff's failure to file an affirmation showing cause why this action should not be dismissed by July 15, 2011, will result in dismissal of this action.

No summonses shall issue at this time and all further proceedings shall be stayed until plaintiff has complied with this Memorandum and Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Court

Dated: June 21, 2011
Brooklyn, New York