UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANN BURTON,

                Plaintiff,

-against-

ERIC K. SHINSEKI, et al.,

                Defendants
------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 21 2011
BROOKLYN OFFICE

**ORDER**

11-CV-2030 (SLT)(LB)

**TOWNES, United States District Judge:**

    This Court is in receipt of a submission addressed to this Court and dated November 9, 2011, in which plaintiff *pro se* Ann Burton voices objections to this Court's November 4, 2011, order (the "Prior Order") dismissing this action as duplicative of *Burton v. Shinseki*, E.D.N.Y. Docket No. 10-CV-5318. Although plaintiff's submission is entitled "Plaintiff's Objection to Judge Townes['] Order dated November 4, 2011," this Court – in keeping with its duty to construe *pro se* submissions liberally, *see, e.g., Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) – will construe it as a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

    "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing cases). "[A] motion for reconsideration is not an additional opportunity to reargue claims previously denied." *United States v. Sessa*, Nos. 92-CR-351 (ARR), 97-CV-2079 (ARR), 2011 WL 867175, at *1 (E.D.N.Y. Mar. 8, 2011).

    Plaintiff does not cite to any cases or mention any facts not previously discussed. Rather, plaintiff asserts that this case does not relate to the same subject matter as No. 10-CV-5318. She

also expresses confusion as to how a complaint which is not an exact duplicate of another can nonetheless be found to be "duplicative."

This Court already held that plaintiff's complaint in this action pertained to the same subject matter as No. 10-CV-5318 in that it repeated or amplified many of the same allegations contained either in the amended complaint in that case or in the proposed addendums. *See Burton v. Shinseki*, No. 11-CV-2030 (SLT)(LB), slip op. at 3 (E.D.N.Y. June 21, 2011). In addition, this Court already explained that an action raising "the same subject in the same court, against the same defendant at the same time" as a previous action can be dismissed as duplicative, even if the action is not exactly the same as the prior action. *See id.* at 4 (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000). Since plaintiff is essentially seeking to relitigate issues already decided, reconsideration is denied.

## CONCLUSION

For the reasons stated above, plaintiff's submission dated November 9, 2011, entitled "Plaintiff's Objection to Judge Townes['] Order dated November 4, 2011," is construed as a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b). That motion is denied. If plaintiff's complaint in this action raised claims not already raised in *Burton v. Shinseki*, E.D.N.Y. Docket No. 10-CV-5318, plaintiff may move to amend the complaint in that case pursuant to Fed. R. Civ. P. 15(a). Alternatively, plaintiff may appeal to the Second Circuit Court of Appeals within thirty days of entry of this Order. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

**SO ORDERED.**

/ SANDRA L. TOWNES
United States District Judge

Dated: November 18, 2011
Brooklyn, New York

2